UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FOOTHILL HOSPITAL - MORRIS L. JOHNSTON MEMORIAL, a California nonprofit corporation, dba Foothill Presbyterian Hospital,<br><br>      Plaintiff,<br><br>vs.<br><br>MICHAEL O. LEAVITT, Secretary of the United States Department of Health and Human Services,<br><br>      Defendant. | CASE NO. |

## COMPLAINT FOR JUDICIAL REVIEW UNDER
## THE MEDICARE ACT, 42 U.S.C. § 1395oo(f)

PLAINTIFF FOOTHILL HOSPITAL-MORRIS L. JOHNSTON MEMORIAL, a California nonprofit corporation, dba Foothill Presbyterian Hospital ("Hospital" or "Plaintiff") alleges as follows:

### JURISDICTION AND VENUE

1. This is a civil action arising under Title XVIII of the Social Security Act, 42 U.S.C. § 1395 et. seq., to obtain judicial review of a final decision of the Secretary of the United States Department of Health and Human Services ("Secretary") that adversely impacted the Plaintiff's Medicare reimbursement for its fiscal year ending September 30, 1995 ("FYE 9/30/95").

2. This Court has jurisdiction over this action pursuant to 42 U.S.C. § 1395oo(f).

3. Venue lies in this judicial district pursuant to 42 U.S.C. § 1395oo(f) as hospitals may bring actions seeking judicial review of a final decision of the Secretary in the District Court for the District of Columbia.

## PARTIES

4.  Plaintiff Foothill Hospital-Morris L. Johnston Memorial, a California nonprofit corporation, dba Foothill Presbyterian Hospital, is a 106-bed general acute care hospital licensed by the California Department of Health Services and located in Glendora, Los Angeles County, California. Plaintiff was certified by the Medicare program to provide inpatient hospital services during its FYE 9/30/95, the relevant fiscal year for this case.

5.  Defendant, Michael O. Leavitt, the Secretary of the United States Department of Health and Human Services, is the federal official responsible for administering the Medicare program.

## THE MEDICARE PROGRAM

6.  Title XVIII of the Social Security Act, as amended, 42 U.S.C. §§ 1395-1395ggg ("Medicare Act") establishes a system of health insurance for the aged and disabled. 42 U.S.C. § 1395c. Plaintiff has entered into a written agreement with the Secretary to provide hospital services to eligible individuals as a "provider of services" under the Medicare Act. 42 U.S.C. § 1395c.

7.  The Medicare program is federally funded and is administered by the Secretary through the Centers for Medicare and Medicaid Services ("CMS"), formerly known as the Health Care Financing Administration ("HCFA"). 42 U.S.C. § 1395kk; 42 Fed. Reg. 13,202 (Mar. 9, 1977).

8.  From the Medicare program's inception in 1965 until 1983, hospitals were reimbursed the lower of their reasonable costs or customary charges for services provided to Medicare beneficiaries (the "cost based reimbursement system"). See 42 U.S.C. § 1395f(b)(1). Reasonable costs are those actually incurred by a provider for the efficient delivery of health care, as reported on cost reports which hospitals are required to file each year. 42 U.S.C. § 1395x(v)(1)(A).

9. In 1983, Congress established the prospective payment system ("PPS") pursuant to which most acute care hospitals were no longer reimbursed based on their reasonable costs. 42 U.S.C. § 1395ww(d). PPS represented a major policy shift as it completely revised the manner in which hospitals were paid by the Medicare program for their inpatient operating costs. PPS remains in effect today.

10. Under PPS, hospitals are reimbursed for inpatient hospital operating costs at a fixed amount for each Medicare patient discharged from the hospital according to a prospectively determined payment rate divorced from an individual hospital's costs associated with treating that individual patient. A hospital is entitled to be reimbursed a different payment amount according to the classification of the Medicare beneficiary's condition into one of many diagnosis related groups ("DRGs"). 42 U.S.C. § 1395ww(d)(1)-(2). The DRG payment rates apply regardless of the cost of services actually rendered by a hospital to a particular Medicare beneficiary.

## BAD DEBT PAYMENTS

11. The Medicare statute and regulations prohibit cost shifting. *See* 42 U.S.C. § 1395x(v)(1)(A) (2002); 42 C.F.R. § 413.89(d) (formerly, § 413.80(d)). Generally, cost shifting occurs in the following two ways: (1) the necessary costs of delivering health care to Medicare enrollees are borne by individuals who are not Medicare recipients or (2) the necessary costs of delivering health care to the hospital's other patients not covered by Medicare are borne by Medicare. *See* 42 U.S.C. § 1395x(v)(1)(A) (stating that "the necessary costs of efficiently delivering covered services to individuals covered by the insurance programs established by this subchapter will not be borne by individuals not so covered, and the costs with respect to individuals not so covered will not be borne by such insurance programs").

12. When receiving inpatient and outpatient hospital services, Medicare enrollees are responsible for paying coinsurance and deductible amounts. 42 U.S.C. § 1395e and 1395l. The failure of beneficiaries to pay the deductible and coinsurance amounts could result in the related

costs of covered services being borne by other than Medicare beneficiaries. To assure that such covered service costs are not borne by others, the costs attributable to the deductible and coinsurance amounts that remain unpaid are reimbursed by Medicare as "bad debts." 42 C.F.R. § 413.89(d).

13. In order to qualify for reimbursement of Medicare bad debts, providers must show that the unpaid deductible and coinsurance amounts meet the following criteria:

(1) The debt must be related to covered services and derived from deductible and coinsurance amounts;

(2) The provider must be able to establish that reasonable collection efforts were made;

(3) The debt was actually uncollectible when claimed as worthless; and

(4) Sound business judgment established that there was no likelihood of recovery at any time in the future. 42. C.F.R. § 413.89(e).

14. In regard to the third criteria above requiring the debt to be actually uncollectible when claimed as worthless, guidance is provided in the Provider Reimbursement Manual: "If after reasonable and customary attempts to collect a bill, the debt remains unpaid more than 120 days from the date the first bill is mailed to the beneficiary, the debt may be deemed uncollectible." PRM-I, § 310.2. Uncollectible deductible and coinsurance amounts are recognized as allowable bad debts in the reporting period in which such bad debts are determined to be uncollectible. PRM-1, § 314.

15. As a result of disputes arising because of inconsistent policies regarding bad debts being applied by Medicare fiscal intermediaries, which make payments to providers pursuant to contracts with the Secretary, Congress enacted a Bad Debt Moratorium which prohibited the Secretary from making any changes in policies relating to bad debts that were in effect on August 1, 1987. 42 U.S.C. § 1395e, note.

## **THE MEDICARE APPEAL PROCESS**

16.    Fiscal intermediaries make interim payments to providers, subject to subsequent adjustments. 42 U.S.C. § 1395h.

17.    At the close of its fiscal year, each Medicare provider must submit a "cost report" showing both the costs it incurred during the fiscal year and the appropriate portion of those costs to be allocated to the Medicare program. 42 C.F.R. §§ 413.20 and 413.24. The intermediary is then required to analyze and audit the cost report and to inform the provider of the intermediary's final determination of the amount of the provider's Medicare reimbursement for that cost reporting period. This final determination is known as the intermediary's Notice of Amount of Program Reimbursement or "NPR." 42 C.F.R. § 405.1803.

18.    If a provider is dissatisfied with its fiscal intermediary's final determination of its Medicare program reimbursement for a particular cost reporting period, and if the provider meets the requirements set forth in 42 U.S.C. § 1395oo(a), the provider may appeal the intermediary's determination or NPR to the Provider Reimbursement Review Board ("PRRB" or "Board"). 42 U.S.C. § 1395oo.

19.    The PRRB is a five member administrative tribunal that sits in Baltimore, Maryland and decides disputes between Medicare providers and their fiscal intermediaries over the amount of reimbursement owed by the Medicare program for services rendered to Medicare patients. See generally 42 U.S.C. § 1395oo.

20.    The PRRB has the power to affirm, modify or reverse any determination of an intermediary with respect to a cost report and to make any other modification on matters covered by the cost report. 42 C.F.R. § 403.1869.

21.    Following a hearing before the PRRB and the Board's issuance of a decision, the CMS Administrator may review the Board's decision and adopt or reverse the decision in whole or in part. The decision of the PRRB (or of the CMS Administrator if the Board's decision is reviewed by the Administrator) becomes the final determination of the Secretary, which is subject to judicial review pursuant to 42 U.S.C. § 1395oo(f) and 42 C.F.R. § 405.1875.

According to these provisions, a provider may bring an action to appeal the Secretary's final decision (whether by the PRRB or the CMS Administrator) in the United States District Court for the judicial district in which the provider is located, or alternatively in the United States District Court for the District of Columbia.

## **FACTUAL AND PROCEDURAL BACKGROUND**

22. When submitting its cost report for its FYE 9/30/95, the Hospital included a claim for bad debts for Medicare beneficiaries. The bad debts claimed included amounts for unpaid deductibles and coinsurance that had been sent to an outside collection agency for collection, but because, in the sound business judgment of the provider, of the unlikelihood of recovery in the future, had been deemed worthless by the Hospital. Collection efforts for Medicare and non-Medicare bad debts were handled identically. Further, collection efforts for all of the bad debts claimed exceeded by at least a factor of two the 120 day period from the date that a bill was first mailed out to the beneficiary that Medicare allows providers to use to deem an account uncollectible.

23. On December 16, 1996, the fiscal intermediary, Blue Cross of California (subsequently known as United Government Services, and currently known as National Government Services), issued a NPR, in which it disallowed approximately $60,993 in bad debts claimed by the Hospital.

24. The Hospital filed a timely appeal to the PRRB of its NPR, in order to challenge the disallowance of the bad debts. All jurisdictional requirements for the appeal were met.

25. A hearing on the record was held before the PRRB. On December 19, 2006, the PRRB issued a decision favorable to the Hospital, in which it determined that all bad debts claimed for FYE 9/30/95 are allowable and that the fiscal intermediary's adjustments to bad debts should be reversed. The PRRB held that the bad debts were properly considered uncollectible, even though they remained at an outside collection agency. A copy of the PRRB decision is attached hereto as Exhibit 1.

26.  The PRRB decision was reviewed by the CMS Administrator. On February 16, 2007, the Administrator issued a decision, reversing the decision of the PRRB and upholding the fiscal intermediary's adjustment to bad debts. The Administrator held that a bad debt could not be deemed worthless and uncollectible as long as it remained at an outside collection agency. A copy of the CMS Administrator's decision, which is the final decision of the agency, is attached hereto as Exhibit 2.

## INVALIDITY OF THE CMS ADMINISTRATOR'S DECISION

27.  The CMS Administrator's reversal of the PRRB's decision is reviewable by this Court pursuant to the provisions of the Administrative Procedure Act ("APA"), 5 U.S.C. § 706. 42 U.S.C. § 1395oo. The CMS Administrator's decision reversing the Board's decision in this case is inconsistent with and unauthorized by the governing Medicare statute, regulations and manual provisions, is arbitrary and capricious, and violates the APA and Medicare program's notice and comment rulemaking requirements, for the following reasons, among others:

a.  The CMS Administrator's decision that bad debts may not be deemed worthless and uncollectible under any circumstances as long as they remain at an outside collection agency is inconsistent with the governing regulations, including 42 C.F.R. § 413.89 (formerly, § 413.80), and substantive manual provisions, including Provider Reimbursement Manual, Part 1, §§ 308, 310, 310.2 and 314.

b.  The CMS Administrator's decision that bad debts may not be deemed worthless and uncollectible under any circumstances as long as they remain at an outside collection agency violates the provisions of the Bad Debt Moratorium that prevents CMS from changing policies regarding bad debts that were in effect as of August 1, 1987.

c.  The CMS Administrator's decision that bad debts may not be deemed worthless and uncollectible under any circumstances as long as they remain at an outside collection agency is inconsistent with prior positions taken by the Administrator and the PRRB on this issue.

d. The evidence in this case established that the bad debt amounts claimed by the Hospital were properly deemed uncollectible and worthless.

WHEREFORE, Plaintiff prays for judgment as follows:

1. For an order reversing the CMS Administrator decision at issue, reinstating the PRRB's decision, and requiring the Secretary to reimburse Plaintiff for the bad debts claims on its cost report for FYE 9/30/95;

2. For interest pursuant to 42 U.S.C. § 1395oo(f)(2);

3. For costs of suit; and

4. For such other and further relief as the Court deems appropriate.

Dated: April 17, 2007

Respectfully submitted,

John R. Jacob, Esq.
D.C. Bar No. 444412
Akin Gump Strauss Hauer & Feld LLP
1333 New Hampshire Ave., N.W.
Robert S. Strauss Building
Washington, D.C. 20036
Telephone: (202) 887-4582
Fax: (202) 955-7648
Email: jjacob@akingump.com

**OF COUNSEL:**

John R. Hellow, Esq.
Byron J. Gross, Esq.
Hooper, Lundy and Bookman, Inc.
1875 Century Park East, Suite 1600
Los Angeles, California 90067
Tel: (310) 551-8151
Fax: (310) 551-8181

Attorneys for Plaintiff

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

## I (a) PLAINTIFFS

FOOTHILL HOSPITAL - MORRIS L. JOHNSTON MEMORIAL, a California nonprofit corporation, dba Foothill Presbyterian Hospital

## DEFENDANTS

MICHAEL O. LEAVITT, Secretary of the United States Department of Health and Human Services

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF ___88888___
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

John R. Jacob
Akin Gump Strauss Hauer & Feld LLP
1333 New Hampshire Avenue, N.W.
Washington, D.C. 20036
202.887.4582

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ● 2 U.S. Government Defendant
- ○ 3 Federal Question (U.S. Government Not a Party)
- ○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

### ○ A. Antitrust
☐ 410 Antitrust

### ○ B. Personal Injury/Malpractice
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ● C. Administrative Agency Review
☒ 151 Medicare Act

**Social Security:**
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ○ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ○ E. General Civil (Other)     OR     ○ F. Pro Se General Civil

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant)
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br><br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
- ● 1 Original Proceeding
- ○ 2 Removed from State Court
- ○ 3 Remanded from Appellate Court
- ○ 4 Reinstated or Reopened
- ○ 5 Transferred from another district (specify)
- ○ 6 Multi district Litigation
- ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
Complaint for judicial review pursuant to the Medicare Act, 42 U.S.C. Sec. 1395oo(f)

**VII. REQUESTED IN COMPLAINT**  CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐   DEMAND $ _____   Check YES only if demanded in complaint   JURY DEMAND:  YES ☐  NO ☒

**VIII. RELATED CASE(S) IF ANY**  (See instruction)  YES ☐  NO ☒  If yes, please complete related case form.

DATE April 17, 2007   SIGNATURE OF ATTORNEY OF RECORD  /s/ John P. [signature]

---

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.  COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed <u>only</u> if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the <u>primary</u> cause of action found in your complaint. You may select only <u>one</u> category. You <u>must</u> also select <u>one</u> corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.