UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| FOOTHILL HOSPITAL – MORRIS L. JOHNSTON MEMORIAL | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 1:07-CV-00701 (ESH) |
| MICHAEL O. LEAVITT, Secretary, U.S. Department of Health and Human Services, | ) ) ) ) | |
| Defendant. | ) ) ) | |

## ANSWER

Defendant Michael O. Leavitt, the Secretary of Health and Human Services ("the Secretary"), by and through his undersigned counsel, answers Plaintiff's Complaint ("the Complaint") as follows:

### FIRST DEFENSE

Plaintiff's claims arise solely under Title XVIII of the Social Security Act, 42 U.S.C. § 1395 et seq. ("the Medicare statute"), and the Court's subject matter jurisdiction is limited to review of any final agency actions that are within the scope of 42 U.S.C. § 1395oo(f)(1).

### SECOND DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

<u>THIRD DEFENSE</u>

Using the same numbered paragraphs as the Complaint, the Secretary answers

Plaintiff's allegations in the numbered paragraphs of the Complaint as follows:

1.  This paragraph contains Plaintiff's characterizations of this action and of Title

XVIII of the Social Security Act, as amended, 42 U.S.C. §§  1395 et. seq., not allegations

of fact, and thus no response is required.  The Secretary denies any characterization of the

cited statutes, which speak for themselves, and respectfully refers the Court to the cited

statutes for a complete and accurate statement of their contents.

2-3.  These paragraphs contain conclusions of law and Plaintiff's characterization

of 42 U.S.C. § 1395oo(f), not allegations of fact, and thus no response is required.  The

Secretary denies any characterization of the cited provision, which speaks for itself, and

respectfully refers the Court to the cited statute for a complete and accurate statement of

its contents.

4.  Admits that Foothill is a not-for-profit entity which participated in the Medicare

program.  With respect to the remainder of this paragraph, Defendant lacks knowledge of

information sufficient to allow him to admit or deny the allegations contained therein.

5.  Denies this paragraph, except to admit that the Secretary, Michael O. Leavitt, is

responsible for the administration of the Medicare program, and that he has delegated

considerable authority for the administration of the Medicare program to the

Administrator of the Centers for Medicare and Medicaid Services ("CMS")(formerly the Health Care Financing Administration).

6.  Admits, but the Secretary respectfully refers the Court to the cited statutes for a complete and accurate statement of their contents.

7.  Denies this paragraph, except to admit that the Secretary, Michael O. Leavitt, is responsible for the administration of the Medicare program, and that he has delegated considerable authority for the administration of the Medicare program to the Administrator of the Centers for Medicare and Medicaid Services ("CMS")(formerly the Health Care Financing Administration).

8.  This paragraph contains Plaintiff's characterizations of the statutory provisions cited and conclusions of law, not allegations of fact, and thus no response is required. The Secretary denies any characterization of the cited statute, which speaks for itself, and respectfully refers the Court to 42 U.S.C. §§  1395f (b)(1) and 1395x (v)(1)(A) for a full and accurate description of their contents.

9-10.  These paragraphs contains Plaintiff's characterization of the statutory provision cited and conclusions of law, not allegations of fact, and thus no response is required.  The Secretary denies any characterization of the cited statute, which speaks for itself, and respectfully refers the Court to 42 U.S.C. § 1395ww(d) for a full and accurate description of its contents.  Further, Defendant contends that Plaintiff's assertion in the second sentence of paragraph nine that implementation of the Prospective Payment

-3-

System represented a "major policy shift" is a characterization of the cited statute, not an allegation of fact, and thus no response is required.

11-12.  These paragraphs contain Plaintiff's characterizations of the statutory and regulatory provisions cited and conclusions of law, not allegations of fact, and thus no response is required.  The Secretary denies any characterization of the cited statutes and regulations, which speak for themselves, and respectfully refers the Court to 42 U.S.C. §§ 1395e, 1395l, 1395x (v)(1)(A) and 42 C.F.R. § 413.89 for a full and accurate explanation of their contents.

13.  This paragraph contains Plaintiff's characterization of the regulatory provision cited and conclusions of law, not allegations of fact, and thus no response is required. The Secretary denies any characterization of the cited regulation, which speaks for itself, and respectfully refers the Court to 42 C.F.R. § 413.89 for a full and accurate description of its contents.

14.  This paragraph contains Plaintiff's characterizations of the Provider Reimbursement Manual ("PRM") provisions cited and conclusions of law, not allegations of fact, and thus no response is required.  To the extent any response is required, the Secretary denies any characterization of the cited PRM provisions, which speak for themselves, and respectfully refers the Court to PRM-I, §§ 310.2, 314 for a full and accurate explanation of their contents.

15.  This paragraph contains Plaintiff's characterization of the statutory provision cited and conclusions of law, not allegations of fact, and thus no response is required.  To the extent any response is required, the Secretary denies any characterization of the cited statute, which speaks for itself, and respectfully refers the Court to 42 U.S.C. § 1395e for a full and accurate description of its contents.

16-21.  These paragraphs contain Plaintiff's characterizations of the statutory and regulatory provisions cited and conclusions of law, not allegations of fact, and thus no response is required.  The Secretary denies any characterizations of the cited statutes and regulations, which speak for themselves, and respectfully refers the Court to 42 U.S.C. §§  1395h, 1395oo and 42 C.F.R. §§ 403.1869, 403.1875, 413.20, 413.24 for a full and accurate description of their contents.

22 .  As to the first sentence, admits that Plaintiff claimed bad debts for Medicare beneficiaries on its cost report for the fiscal year ending September 30, 1995, but otherwise denies.  Denies the second sentence.  Defendant lacks knowledge or information sufficient to allow him to admit or deny the allegations of the third sentence. Admits the fourth sentence.

23-24.  Admits.

25.  Admits the first sentence.  With regard to the second sentence, admits that the Provider Review Reimbursement Board ("PRRB") issued a decision on the subject of this appeal on December 19, 2006, allowing the bad debts Plaintiff claimed for the fiscal year

ending September 30, 1995 and reversing the intermediary's adjustments to the bad debts. The balance of the second sentence and the entirety of the third sentence contain Plaintiff's characterizations of the PRRB decision, not allegations of fact and thus no response is required.  To the extent a response is required, the Secretary denies any characterizations of the cited December 19, 2006, PRRB decision, which speaks for itself, and respectfully refers the Court to the decision for a full and accurate description of its contents.  <u>See</u> Administrative Record ("A.R.") at 18-26.

26.  This paragraph contains Plaintiff's characterizations of the cited decision of the CMS Administrator and conclusions of law, not allegations of fact, and thus no response is required.  The Secretary denies any characterizations of the cited February 16, 2007, decision of the Administrator, which speaks for itself, and respectfully refers the Court to the decision for the full and accurate statement of its contents.  <u>See</u> A.R. at 2-9.

27.  Admits the first sentence.  Denies the balance of this paragraph, including sub-paragraphs a through d.

The remaining portions of the Complaint contain Plaintiff's prayer for relief, not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies.  Except to the extent expressly admitted or qualified above the Secretary denies each and every allegation in the Complaint.

The Secretary respectfully requests the Court to enter judgment affirming the validity of the challenged agency actions, dismissing the Complaint and action with

prejudice, and awarding Defendant costs and such other relief as the Court may deem appropriate.

The Secretary is filing separately the certified two-volume administrative record for this action.

August 16, 2007                          Respectfully submitted,

_____/s/_____
JEFFREY A. TAYLOR
United States Attorney
D.C. Bar No. 498610

_____/s/_____
MEGAN L. ROSE
Assistant United States Attorney
N.C. Bar No. 28639
United States Attorney's Office
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530
(202) 514-7220

_____/s/_____
LINDA KEYSER
Attorney
U.S. Department of Health and Human Services
Office of the General Counsel
Centers for Medicare
       & Medicaid Services Division
Room 5344, Cohen Building
330 Independence Avenue, S.W.
Washington, D.C. 20201
202-205-8779
Facsimile: (202) 401-1405

Counsel for Defendant

-7-